United States District Court

Eastern District of California

Elliot Eugene Rollings-Pleasant,

      Plaintiff,

vs.

Deuel Vocational Ins., et. al.,
      Defendants.

No. Civ. S 03-0228 MCE PAN P

Findings and Recommendations

-oOo-

Plaintiff is a prisoner without counsel who claims, pursuant to 42 U.S.C. § 1983, that: (1) March 16, 2002, defendants Rose, Quesada, Valenzuela, Velasquez and Nowak failed to protect plaintiff when they permitted an inmate known to be dangerous to enter an exercise yard without searching him; (2) Nowak failed to protect plaintiff when he permitted the assailant to climb two fences separating exercise yards and attack plaintiff with a knife; (3) when he was attacked, Velasquez and Nowak fired 15

1  shots at plaintiff; (4) defendant Quesada used an entire can of
2  pepper spray on plaintiff even though the assailant was
3  attempting to stab plaintiff; (5) defendants Quesada, Thomas,
4  Rose and Valenzuela failed to protect plaintiff because they
5  merely ordered inmates to get down but did not otherwise
6  intervene despite plaintiff's calls for help; (6) defendant Reed
7  threw plaintiff from a wheelchair while plaintiff was in waist
8  and leg restraints; (7) defendant Queseda paraded plaintiff
9  around female guards while plaintiff's pants were down; and (8)
10 defendants Hernandez, Cox, and Thomas hit plaintiff with their
11 knees in the back and neck area.  Defendants move to dismiss upon
12 the ground plaintiff failed to exhaust available administrative
13 remedies.
14     On a motion to dismiss for failure to exhaust available
15 administrative remedies, the court may look beyond the pleadings
16 and decide disputed facts.  Wyatt v. Terhune, 315 F.3d 1108 (9th
17 Cir. 2002).  42 U.S.C. § 1997e(a) provides that a prisoner may
18 bring no section 1983 action until he has exhausted such
19 administrative remedies as are available.  The requirement is
20 mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  The
21 administrative remedy must be exhausted before suit is brought
22 and a prisoner is not entitled to a stay of judicial proceedings
23 in order to exhaust.  McKinney v. Carey, 311 F.3d 1198 (9th Cir.
24 2002).  Where a litigant requests leave to proceed in forma
25 pauperis, suit commences when the request is granted.  See 28
26 U.S.C. § 1915(a)(1) (court may "authorize commencement" of suit

without prepayment of filing fee for person demonstrating inability to pay).

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." 15 Cal. Admin. Code § 3084.1(a). The regulations require the use of specific forms upon which the prisoner must "describe the problem and action requested," but require no specific content. 15 Cal. Admin. Code §§ 3084.2, 3085 (designating use of CDC Form 602 Inmate/Parolee Appeal Form for all grievances except those related to disabilities under the Americans with Disabilities Act, which are filed on CDC Form 1824, Reasonable Modification or Accommodation Request). Prisoners ordinarily must present their allegations on one informal and three formal levels of review. 15 Cal. Admin. Code § 3084.5. While presentation on the third level, the Director's Level of Review, exhausts the remedy for departmental purposes, 15 Cal. Admin. Code § 3084.1(a), If an appeal is denied at the first formal level on the ground time limits were exceeded, the administrative remedy is exhausted because prison regulations do not provide for further review of an appeal decided on this ground. Ngo v. Woodford, 403 F.3d 620, 624 (9th Cir. 2005). Defendant has the burden of identifying the remedies that remain available. Ibid.

June 2, 2002, plaintiff submitted an appeal alleging he was attacked by an inmate March 16, 2002, was shot repeatedly by Nowak and Velasquez on order of Queseda and stating his belief

3

that corrections staff several times orchestrated attacks on him by other inmates in retaliation for filing suit against DVI officials. He also alleged DVI staff ignored his March 2002 appeal of the attack. He requested medical attention, access to a telephone to call his family and to seek legal assistance and a copy of his March 2002 appeal. The informal level of review was bypassed. June 11, 2002, the reviewer on the first formal level partially granted the appeal. A physician examined plaintiff and ordered an orthopedic consultation but plaintiff was told to discuss use of a telephone with custody staff.

June 21, 2002, plaintiff appealed stating he was satisfied with the medical response but he wanted to know why his March 2002 appeal was overlooked, he wanted a copy of the appeal and he requested appeals staff to contact custody staff about plaintiff's use of a telephone.

The Chief Deputy Warden cancelled plaintiff's appeal August 8, 2002, upon the ground plaintiff failed to cooperate during the interview required on the second level of review by interrupting and arguing with the appeals coordinator. Plaintiff was notified he could appeal the cancellation to the Director's Level of Review.

November 7, 2004, plaintiff appealed to the Director's Level of Review, explaining that beginning August 13, 2002, he suffered from mental illness that prevented him from articulating his position and several times lost his property because of transfers. February 25, 2005, the appeal was rejected as

1 untimely.

2     Defendants assert some claims are unexhausted because
3 plaintiff failed to include in his June 2, 2002, appeal all
4 allegations made in his civil rights complaint, including the
5 names of all defendants.

6     The Ninth Circuit has explained that a California prisoner
7 who correctly completes an appeal form provided by prison
8 officials provides information adequate to exhaust the
9 administrative remedy.  See Butler v. Adams, 397 F.3d 1181 (9th
10 Cir. 2005) (A.D.A. claims).  Plaintiff described the problem and
11 action requested on the form provided and so satisfied section
12 1997e(a).

13     Prison officials partially granted plaintiff's June 2, 2002,
14 appeal.  Even though plaintiff's appeal of the partial denial was
15 canceled on the second level of review, he had the opportunity to
16 appeal to the Director's Level of Review and he did so.  An
17 untimely appeal does not defeat exhaustion.  Ngo, 403 F.3d at
18 631.  Defendants do not identify any other administrative remedy
19 that was available to plaintiff.  Id. at 626.

20     For these reasons, I find plaintiff exhausted available
21 administrative remedies.

22     I hereby recommend defendant's January 26, 2005, motion to
23 dismiss be denied and defendants be directed to file and serve an
24 answer within 30 days.

25     Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these
26 findings and recommendations are submitted to the United States

1 District Judge assigned to this case.  Within 20 days after being
2 served with these findings and recommendations, plaintiff may
3 file written objections.  The document should be captioned
4 "Objections to Magistrate Judge's Findings and Recommendations."
5 The district judge may accept, reject, or modify these findings
6 and recommendations in whole or in part.
7     Dated:  August 9, 2005.

>                     /s/ Peter A. Nowinski
>                     PETER A. NOWINSKI
>                     Magistrate Judge