1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

ELLIOT EUGENE ROLLINGS-
PLEASANT,

        Plaintiff,                  No. CIV S-03-0228 MCE EFB P

    vs.

DEUEL VOCATIONAL INS.,et al.,

        Defendants.            ORDER
_____/

      Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the September 17, 2004, amended complaint in which plaintiff claims the following: (1) on March 16, 2002, defendants Rose, Quesada, Valenzuela, Velasquez and Nowak failed to protect plaintiff when they permitted a prisoner known to be dangerous to enter an exercise yard without first searching him; (2) Nowak failed to protect plaintiff when he permitted the assailant to climb two fences separating exercise yards and attack plaintiff with a knife; (3) Velasquez and Nowak used excessive force by firing 15 shots at plaintiff, even though plaintiff was under attack; (4) defendant Quesada used an entire can of pepper spray on plaintiff even though the assailant was attempting to stab plaintiff; (5) defendants Quesada, Thomas, Rose and Valenzuela failed to protect plaintiff because they merely ordered prisoners to get down but did not otherwise intervene despite plaintiff's calls for

help. He also alleges that while in the infirmary after the attack: (6) defendant Reed threw plaintiff from a wheelchair while plaintiff was in waist and leg restraints; (7) defendant Quesada paraded plaintiff around female guards while plaintiff's pants were down; and (8) defendants Hernandez, Cox and Thomas hit plaintiff with their knees in the back and neck area. On August 11, 2006, defendants filed a motion for summary judgment on the grounds that plaintiff failed to exhaust available administrative remedies and that plaintiff could not adduce evidence to show a genuine issue as to any material fact. On September 15, 2006, plaintiff filed a motion to continue summary judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. On March 14, 2007, plaintiff filed an opposition defendants' motion for summary judgment.

As the party opposing summary judgment, plaintiff's burden to prevail on this motion is high:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). This standard requires the party seeking a continuance to "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). Plaintiff asserts that he must obtain video tapes that captured the events of March 16, 2002, or, if the tapes do not exist, that defendants destroyed them in an attempt to "sabotage" and "obstruct" the administration of justice. Pl.'s Rule 56(f) Req., filed Sept. 15, 2006, at 3. Plaintiff also asserts that he must propound interrogatories drafted in response to defendants' responses to requests for admissions. He asserts that the answers would explain defendants' denials, identify witnesses who could verify plaintiff's version of events, determine the existence and whereabouts of additional evidence and provide detailed information about how correctional officers are trained in the use of lethal weapons and deadly force. *Id.*, at 4. The court has considered the motion for summary judgment in detail, and has

1  found that there is no genuine issue about whether plaintiff satisfied the exhaustion requirement
2  contained in 42 U.S.C. § 1983.  Plaintiff does not in his Rule 56(f) motion assert that he requires
3  any additional discovery to oppose summary judgment on this ground.  Insofar as he asserts that
4  defendants destroyed videotapes showing what occurred on March 16, 2002, in an attempt to
5  undermine the administrative appeals process, plaintiff does not explain how this would justify
6  his failure to exhaust.  Thus, plaintiff's motion must be denied.

Accordingly, it is ORDERED that plaintiff's September 15, 2006, motion to continue summary judgment is denied.

Dated: July 27, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE