IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELLIOT EUGENE ROLLINGS-PLEASANT,

        Plaintiff,                    No. CIV S-03-0228 MCE EFB P

    vs.

DEUEL VOCATIONAL INS., et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the September 17, 2004, amended complaint in which plaintiff claims the following: (1) on March 16, 2002, defendants Rose, Quesada, Valenzuela, Velasquez and Nowak failed to protect plaintiff when they permitted a prisoner known to be dangerous to enter an exercise yard without first searching him; (2) Nowak failed to protect plaintiff when he permitted the assailant to climb two fences separating exercise yards and attack plaintiff with a knife; (3) Velasquez and Nowak used excessive force by firing 15 shots at plaintiff, even though plaintiff was under attack; (4) defendant Quesada used an entire can of pepper spray on plaintiff even though the assailant was attempting to stab plaintiff; (5) defendants Quesada, Thomas, Rose and Valenzuela failed to protect plaintiff because they

1

merely ordered prisoners to get down but did not otherwise intervene despite plaintiff's calls for help.  He also alleges that while in the infirmary after the attack: (6) defendant Reed threw plaintiff from a wheelchair while plaintiff was in waist and leg restraints; (7) defendant Quesada paraded plaintiff around female guards while plaintiff's pants were down; and (8) defendants Hernandez, Cox and Thomas hit plaintiff with their knees in the back and neck area.  On January 26, 2005, defendants filed a motion to dismiss this action on the ground that plaintiff failed to exhaust available administrative remedies.  *See* 42 U.S.C. 1997e(a).  On August 9, 2005, a different magistrate judge found that plaintiff had exhausted available administrative remedies and recommended that defendants' motion be denied.  On September 7, 2005, the court adopted those findings and recommendations and denied defendants' motion.  On August 11, 2006, defendants filed a motion for summary judgment in which they also seek reconsideration of the court's order denying the motion to dismiss.  They contend that recent Supreme Court precedent justifies the reconsideration.  They also seek summary judgment on all plaintiff's claims on the ground that in light of the undisputed facts, no reasonable jury could find in plaintiff's favor on any of plaintiff's claims.  For the reasons explained below, the court finds that plaintiff failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e and recommends that this action be dismissed without prejudice.

      The instant motion is based on a recent holding by the Supreme Court that clarified the law on a narrow question, i.e., whether a prisoner who files an untimely administrative appeal has exhausted available administrative remedies.

      The statute defendants rely on, 42 U.S.C. § 1997e(a), provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

In their motion to dismiss, defendants contended that plaintiff did not exhaust available administrative remedies with respect to any claims in the complaint, asserting that plaintiff did

not file a grievance on the Director's Level of Review.  Furthermore, plaintiff's appeal was cancelled on the second level of review and plaintiff's appeal of this cancellation was late. Plaintiff opposed the motion.  On September 7, 2005, the district judge adopted in full the magistrate judge's August 9, 2005, finding that the partial grant of relief on plaintiff's medical complaint exhausted available remedies with respect to claims related thereto.  The district judge also adopted the finding that although plaintiff's appeal to the Director's Level of Review was untimely, plaintiff properly exhausted because defendants could not identify any other remedy available to plaintiff.  Defendants request the court to reconsider only the question of whether plaintiff's untimely appeal to the Director's Level of Review satisfied 42 U.S.C. § 1997e(a) for plaintiff's other claims.

   To resolve the motion, the court reviews plaintiff's appeals.  On June 2, 2002, plaintiff filed an appeal alleging the following:

> On March 16th, I was attacked by an inmate in the K wing J south yard.  I was also shot repeatedly by officers Novak & Valazquez. On orders by Lt. Quaglia. As a result I was injured in several place[s] [sic] & seriously injured on my hand. I now believe & have believed that the officers here at DVI are out to get me through mental & physical abuse provoking me and setting me up to be assaulted by inmates. Johnny [sic] vic, on 3/16/02 & Inmate Mitchell E-53327. On July 31, 2001, also Gary Sutter White. On 4/01 who was a co defendant witness against me on my commitment offense.

Defs.' Mot. to Dism., Ex. 1.  Plaintiff sought medical attention for an injured finger.  He also requested telephone access to call his family to tell them about his health and to request legal assistance.  *Id.*  The informal level of review was bypassed.  The reviewer on the first formal level partially granted the appeal, finding that plaintiff was examined on June 10, 2002, and that he was referred for an orthopedic consultation.  *Id.*  The reviewer informed plaintiff that he should discuss telephone access with custody staff.  *Id.*  Plaintiff accepted the disposition with respect to his medical complaint, but appealed to the second formal level demanding to know how the events of March 16, 2002, occurred and why prison officials overlooked the allegations related to the events occurring on the yard.  *Id.*  The decision on the second level of review

1 found:

> During the interview, you expressed your dissatisfaction with the lack of cooperation by correctional staff to provide you with a telephone call. Your position is that since you have been in Administrative Segregation for approximately one year, you should receive a telephone call.
> CC II Altamirano attempted to explain to you the criteria for correctional counseling staff or custody staff to approve a telephone call. You were persistent with your request. Once again, CC II Altamirano attempted to explain the criteria for correctional counseling staff or custody staff to approve a telephone call. You began to interrupt CC II Altamirano and continued to be argumentative. During this interview, you attempted to change the focus of the appeal issue to a staff complaint that you claim was submitted several weeks ago. CC II Altamirano informed you that he did not have a staff complaint on file under your name and number. Once again, you interrupted CC II Altamirano and continued to be argumentative. At this point, CC II Altamirano concluded the interview.

Defs.' Mot. to Dism., Ex. 1. The appeal was cancelled on August 9, 2002, because plaintiff failed to cooperate during the interview by interrupting and becoming argumentative. *Id.*

On August 12, 2003, plaintiff was convicted of battery on a law enforcement officer based on the events occurring in the infirmary. *Id*., Ex. J; Dec. of Quaglia at 4; Dec. of Reed at 3. On September 15, 2003, prison officials held a disciplinary hearing and plaintiff was found guilty of using force and violence based on the events in the infirmary. Pl.'s Opp'n, Ex. A. Not until November 7, 2004, did plaintiff file another appeal about the events of March 16, 2002. In it, plaintiff asserts he delayed filing because of medical problems and because he was transferred among institutions. *Id*. In describing the problem, plaintiff asserted that on March 16, 2002, a fellow prisoner attacked him on the exercise yard, prison guards used excessive force against him to quell the disturbance, and prison guards attacked and sexually assaulted him in the infirmary. *Id*. At deposition, plaintiff asserted that he delayed appealing the events in the infirmary because he believed he had to await the outcome of the prison disciplinary hearing before resort to the administrative appeal process. Pl.'s Dep., at 168-69. Prison officials rejected the appeal on the ground it was late. *Id*.

At the time the court decided defendants' motion to dismiss, the law of this Circuit was that even an untimely appeal could satisfy the exhaustion requirement. *Ngo v. Woodford*, 403

4

F.3d 620, 624 (9th Cir. 2005). However, on June 22, 2006, the United States Supreme Court reversed, holding that section 1997e(a) requires "proper" exhaustion, including compliance with any requirement that a grievance be filed within a particular time-frame. Thus, a prisoner does not properly exhaust by filing an appeal that prison officials reject as untimely. *Woodford v. Ngo*, __ U.S. __, 126 S.Ct. 2378, 2384-2385, 2387-2388 (2006).

## I.    Standards Applicable to This Motion

The instant motion was filed under Rule 56 of the Federal Rules of Civil Procedure. While the Ninth Circuit has stated that Rule 12(b)(6) is the proper mechanism for resolving questions arising under 42 U.S.C.§ 1997e(a), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), the reason underlying that decision has been undermined. The Ninth Circuit found that failure to exhaust was a matter in abatement which should be raised in a motion made under "unenumerated Rule 12(b)." *Wyatt*, 315 F.3d at 1119. However, the United States Supreme Court recently clarified that failure to exhaust is an affirmative defense which defendant has the burden of pleading and proving. *Jones v. Bock*, __ U.S. __, 127 S.Ct. 910, 921 (2007). Federal courts appropriately consider affirmative defenses on summary judgment. Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Accordingly, the court finds that a motion for summary judgment is the proper mechanism for resolving the question of whether plaintiff satisfied the exhaustion requirement.

## II.   Rule 56 Standards

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[1] As explained by the Ninth Circuit, the utility of Rule 56 to

---

[1] On November 22, 2004, the court expressly informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). Pursuant to *Wyatt*, 315 F.3d at

screen which cases actually require resolution of disputed facts over material issues (through presentation of testimony and evidence at trial) has been clarified and enhanced.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added). In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

**III.     Plaintiff's Alleged Failure to Exhaust**

A prisoner may bring no action under 42 U.S.C. § 1983 or any other federal law until he has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). This requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for

---

1120, n.4, that order also expressly informed plaintiff of the requirements for opposing a failure to exhaust motion that is supported by affidavits or declarations and exhibits.


purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.2d 1048, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and the prisoner is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). As noted above, the law now is clear that section 1997e(a) requires "proper" exhaustion, including compliance with any requirement that a grievance be filed within a particular time-frame. *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2384-2385, 2387-2388 (2006). Thus, a prisoner does not properly exhaust by filing an appeal that prison officials reject as untimely. *Woodford*, ___ U.S. at ___, 126 S.Ct. at 2384-2385, 2387-2388. Failure to exhaust is an affirmative defense, which defendant has the burden of proving. *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 921 (2007).

California prisoners may, appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). An appeal must be submitted "within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision." *Id*., at § 3084.6(c). An untimely appeal may be rejected. *Id*., at § 3084.3(c)(6). The regulations require the use of specific forms, but contain no guidelines for grievance content. *Id*., at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id*., at § 3084.5. Normally, a division head reviews appeals on the first formal level, *but see* Cal. Code Regs. tit. 15, § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See* Cal. Code Regs. tit. 15, § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. Cal. Code Regs. tit. 15, § 3084.1(a). If at any time the prisoner refuses to be interviewed with respect to an appeal or refuses to cooperate with a reviewer, prison officials must cancel the appeal. *Id*., at § 3084.4(d).

### IV. Analysis

Defendants contend that plaintiff did not satisfy the exhaustion requirement because he did not properly utilize the prison grievance procedure. They assert that his November 7, 2004, appeal was rejected as untimely. Plaintiff contends that the Ninth Circuit's decision in *Ngo v. Woodford*, 403 F.3d 620, 624 (9th Cir. 2005), governs rather than the Supreme Court's decision overruling it. He also asserts that by cancelling his appeal, defendants prevented him from proceeding to the Director's Level of Review, thereby rendering further remedies unavailable. Finally, plaintiff asserts that he did properly exhaust, explaining that he believed he had to delay appealing the events in the infirmary until after the disciplinary proceedings were complete, but then medical problems and transfers made it impossible timely to appeal.

The court first addresses plaintiff's argument that the Ninth Circuit's decision in *Ngo* governs rather then the Supreme Court's decision overruling it. When the Supreme Court "applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the Court's] announcement of the rule." *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993). The rule the Supreme Court announced in *Woodford* was made applicable to the parties in that case. *Woodford*, 126 S.Ct. at 2393. Therefore, the court must apply the rule here.

Petitioner's assertion that the cancellation of his appeal had the effect of exhausting the available remedies fails. As noted above, prisoners must *properly* exhaust available remedies, meaning they must abide by the institution's rules governing the process. *Woodford*, ___ U.S. at ___, 126 S.Ct. at 2384-2385, 2387-2388. It is undisputed that California prisoners must cooperate with any investigation into the allegations they make in their appeals, and if they do not prison officials must cancel the appeal. Defendants have submitted evidence that during the investigation on the second formal level of review, an interviewer attempted to discuss the allegations with plaintiff, but plaintiff argued about whether he should be permitted to make a

8

1  telephone call, interrupted the interviewer when he explained that he could not provide that
2  remedy, and inquired about an appeal of which the interviewer had no record.  Plaintiff submits
3  no evidence to contest these findings.  Thus, the court finds that plaintiff did not cooperate with
4  the appeals process as required by the regulations, and the cancellation was justified.  Therefore,
5  this appeal did not satisfy 42 U.S.C. § 1997e(a).

6  The court now turns to the November 7, 2004, appeal.  It is not clear whether plaintiff
7  seeks a finding that the appeal properly addressed the cancellation of his original appeal, or
8  whether he intended to commence the process anew.  Either way, he was bound by the 15
9  working day time limit.  Cal. Code Regs. tit. 15, § 3084.6(c).  Plaintiff's assertion that he could
10 not appeal until after the disciplinary proceedings related to the March 16, 2002, events were
11 complete fails.  When prison officials believe that a prisoner has engaged in criminal conduct,
12 they may refer the matter to the District Attorney's Office for possible prosecution.  *Id*., at
13 § 3316(a).  When prison officials make such a referral, the prisoner may request that any prison
14 disciplinary proceedings based on the conduct be postponed.  *Id*., at § 3316(c).

15 Petitioner asserts that he requested this delay, and he did not have to resume his appeal
16 until after the disciplinary proceedings were complete.  But plaintiff did not appeal the results of
17 the disciplinary hearing.  Instead, he initially complained of having been physically abused by
18 guards on the yard, and later added the allegation that he thereafter  was abused in the infirmary.
19 Thus, the problems complained of were not related the results of the prison disciplinary hearing.

20 Even if the problems could be so construed, it is undisputed that plaintiff was found
21 guilty of the prison disciplinary charges on September 15, 2003.  But plaintiff did not appeal
22 until November 7, 2004, far beyond the 15-day limit for appealing an adverse action on a lower
23 level.  Plaintiff asserts that he could not appeal sooner because of mental health problems,
24 medical problems and transfers.  He does not submit any evidence of the nature of the mental
25 health or medical difficulties he was having or how they interfered with his ability to appeal.
26 ////

9

Nor does he submit any evidence of when he was transferred or how the transfers interfered with his ability to appeal.

On this evidence, no reasonable fact finder could conclude that plaintiff properly exhausted available administrative remedies by filing the November 7, 2004, appeal. Thus, defendants' motion must be granted with respect to all claims concerning the March 16, 2002, events on the yard and in the infirmary.

For clarity, the court briefly discusses the injury to plaintiff's right fifth finger. Plaintiff's grievance was granted insofar as he sought medical attention for this injury, which he sustained as a result of the March 16, 2002, incident. Thus, no additional remedies are available for claims related to this injury. However, the complaint makes no claims about the medical attention he received, or did not receive, for it. Thus, plaintiff's having exhausted claims related to treatment of his finger is inapposite.

**VI.  Conclusion**

For the reasons explained, the court finds that plaintiff failed to exhaust available administrative remedies. This action must be dismissed without prejudice.

Accordingly, it is hereby recommended that defendants' August 11, 2006, motion for summary judgment be granted and that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

////

////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 27, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE